JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
¶20 I concur with the majority’s conclusion that the defendant has failed to rebut the presumption of regularity of the proceedings which led to his prior DUI convictions.
¶21 I dissent from the majority’s conclusion that the District Court did not abuse its discretion when it denied the defendant’s motion to continue the trial date so that he could locate and produce an eyewitness to the events which were the basis for the charges against him.
¶22 The majority points out that the District Court’s primary basis for denying Big Hair’s motion to continue was that it was belatedly filed. Under the circumstances of this case, I disagree. However, additional facts are necessary for an understanding of why Big Hair’s motion to continue was first filed the day before trial.
*140 ¶23 This case was originally set for trial as Case No. 10 on October 7,1996. On appeal, the defendant’s attorney contends, and the State does not disagree, that he had been advised the case would not go to trial on October 7 because of the number of other cases which were set ahead of it. However, not until October 11 was the defendant advised by the District Court that this case would go to trial on October 17, four working days later. According to the defendant’s attorney, he began his efforts to locate his eyewitness, Gilford Sees The Ground, as soon as he was notified of the new trial date, but by October 16, realized that he would probably be unsuccessful.
¶24 The transcript of the hearing on October 17 to consider Big Hair’s motion to continue demonstrates just how unexpected the whole scheduling process had been. The following conversation occurred:
THE COURT: I looked through the file. I guess I can’t tell from the it [sic] how this thing ended up for today.
[DEFENDANT’S ATTORNEY]: I guess what I understand, Your Honor, if I got the dates wrong, I understand the judge reset this for trial for today from last Thursday.
[STATE’S ATTORNEY]: It was last Friday. It was set — This is actually a case pending before Judge Colberg, and Judge Colberg was here in Hardin last Friday for an eight o’clock hearing, and it was reset at that time, although no written record or objection was entered.
[DEFENDANT’S ATTORNEY]: My understanding, we had a motion pending to dismiss the charge. The judge ruled on that. I believe we got the ruling on that motion last Wednesday.
THE COURT: Judge Fagg did that?
[DEFENDANT’S ATTORNEY]: Yes. Essentially the matter then was rescheduled. Since that time we have been trying to locate a witness. The witness is Gilford Sees The Ground. We made quite an effort to locate him. Talked to family members. Talked to others, and haven’t been able to locate him as of yet. We believe he is critical to the defense because he was present at the scene and would testify as to the intoxication level of the defendant, as well as, I believe, testifying that the defendant was not driving the pickup, and those are two of the three elements that have to be proven for this offense. He is an eyewitness to that. We believe he is very important to the defense in this matter. He has indicated a willingness to testify, but he just doesn’t know about it. We haven’t *141 had time to locate him. For that reason, we filed our motion to continue. We believe, with additional time, we could locate him, and that he would be important to the defense in this matter.
¶25 Not only was Big Hair’s motion to continue as timely as possible under the circumstances, the unavailable witness was critical to his defense. As pointed out in the majority opinion, Big Hair and his wife denied that he had ever operated his motor vehicle in the condition in which he was found. It was their testimony that the vehicle had been taken from his home the night before and that just prior to the time he was observed by the arresting officer, he had located the vehicle and removed the keys. He was not observed operating the vehicle by the arresting officer.
¶26 Obviously no affidavit could be produced from Sees The Ground prior to trial because he was unavailable. However, in an affidavit filed in support of the defendant’s motion for a new trial, Sees The Ground made the following statements under oath:
2. That the undersigned recalls the events of April 5, and did observe the arrest of Aloysius Big Hair when the highway patrol took him into custody for an alleged DUI.
3. That the undersigned did observe Aloysius Big Hair immediately before the arrest, and observed that he was not driving just prior to the time the officer did take him into custody.
4. That the undersigned did observe Aloysius Big Hair in the time immediately prior to the arrest, and was aware that Aloysius Big Hair was looking for his pickup, which was missing from his place of residence since earlier that day.
5. That immediately prior to his arrest, Aloysius Big Hair did find his pickup, and had just retrieved the keys therefrom when the officer took him into custody.
6. That the undersigned has been willing to testify on behalf of Aloysius Big Hair regarding this matter, but was not available at the time this matter was set for trial in October.
¶27 Based on the circumstances in which the defendant’s attorney found himself at the time of the rescheduled trial, there was no legitimate basis for denying his motion to continue the trial. The State’s only objection was that the investigating officer was leaving the state at the end of the month; however, the State also pointed out that he could return to the state for trial. At most, the disadvantage to the State was the travel expense of having the investigating officer return. That amount of additional expense was not a significant *142 factor when balanced against the unavailability of an eyewitness who was willing to testify on the defendant’s behalf.
¶28 I conclude that the defendant’s motion to continue the trial date was not belated. The continuance was necessary in order to assure that the defendant receive a fair trial, and when the District Court denied the motion for a continuance based on its stated reason, the District Court abused its discretion.
¶29 For these reasons, I dissent from the majority opinion which affirms the District Court’s denial of the defendant’s motion for a continuance. I would reverse the defendant’s conviction and remand to the District Court for a new trial.